UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED
02 MAY -6 AM 8:05
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| BOWDOIN SQUARE, LLC ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. CV-02-S-1033-NE |
| ) | |
| WINN DIXIE MONTGOMERY, INC., ) | |
| WINN-DIXIE STORES, INC., ) | |
| WAL-MART PROPERTIES, INC. ) | |
| ) | ENTERED |
| Defendants. ) | |
| | MAY - 6 2002 |

## MEMORANDUM OPINION

This action was removed from the Circuit Court of Madison County, Alabama, pursuant to 28 U.S.C. § 1441(a). Jurisdiction in this court is predicated upon 28 U.S.C. § 1332(a)(1). Two of the defendants properly served in state court prior to the date of removal — *i.e.*, defendants Winn-Dixie Montgomery, Inc., and Winn-Dixie Stores, Inc. — did not join in the notice of removal.

A fundamental tenet of federal jurisprudence is that district courts are tribunals of limited jurisdiction, "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *University of South Alabama v. The American Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)); *see also, e.g., Morrison v. Allstate Indemnity Co.*, 228 F.3d 1255, 1260-61 (11th Cir. 2000) ("Federal courts have limited subject matter jurisdiction, or in other words, they have the power to decide only certain types of cases."). Thus, an "Article III court must be sure of its own jurisdiction before getting to the merits" of any action. *Ortiz v. Fiberboard Corp.*, 527 U.S. 815, 831, 119 S.Ct. 2295, 2307, 144 L.Ed.2d 715 (1999) (citing *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83,



88-89, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998)). Further, "a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *University of South Alabama,* 168 F.3d at 410.

Accordingly, apparent deficiencies in the notice of removal lead this court to undertake, *sua sponte*, a consideration of the propriety of its jurisdiction over this action.

**A.      Defects in the Removal Process**

Defendants' removal is immediately problematic for the reason that defendants Winn-Dixie Montgomery, Inc., and Winn-Dixie Stores, Inc., failed to join in the notice of removal. Such failure is in contravention of the "unanimity requirement," which mandates that, in cases involving multiple defendants, all defendants properly joined and served must consent to removal. *See* 28 U.S.C. § 1446(b); *Russell Corp. v. American Home Assurance Co.*, 264 F.3d 1040, 1044 (11th Cir. 2001).

A defendant's failure to obtain unanimous consent of all defendants is a "defect in the removal process." *In re: Bethesda Memorial Hospital, Inc.*, 123 F.3d 1407, 1410 (11th Cir. 1997). Remand based upon such a procedural defect is proper in response to a plaintiff's motion, provided the motion is filed within the thirty-day period specified in 28 U.S.C. § 1447(c). It is not permissible, however, for a district court to *sua sponte* remand a case to state court based upon a procedural defect in the notice of removal, even when the order of remand is entered within the thirty-day period specified in § 1447(c). *See Whole Health Chiropractic & Wellness, Inc. v. Humana Medical Plan, Inc.*, 254 F.3d 1317 (11th Cir. 2001).[1] Consequently, in the absence of

---

[1] In *Whole Health Chiropractic*, the Eleventh Circuit joined four other circuits to find that

> [t]he language of § 1447(c), especially Congress's use of the language "[a] motion to remand ... must be made," in connection with remand based on a procedural defect in the removal process, and the lack of that phrase with respect to removal for lack of subject matter jurisdiction, indicates that *the district court must wait for a party's motion before remanding a case based on procedural defect.* We also recognize that a plaintiff may acquiesce to federal jurisdiction, and forgive any of the

plaintiff's timely motion to do so, the court is unable to *sua sponte* order remand of this action, despite the procedural defect inherent in the notice of removal.

**B.     Complete Diversity Requirement and Fraudulent Joinder**

Also troubling is the fact that the presence of defendant Winn-Dixie Montgomery, Inc. appears to destroy complete diversity among the parties, a defect fatal to this court's jurisdiction under 28 U.S.C. § 1332(a)(1). This is because 28 U.S.C. § 1332 requires that the citizenship of every plaintiff be diverse from the citizenship of every defendant. *See, e.g., Palmer v. Hospital Authority of Randolph County*, 22 F.3d 1559, 1564 (11th Cir. 1994) (citing *Strawbridge v. Curtiss*, 3 Cranch (7 U.S.) 267, 2 L.Ed. 435 (1806)). Problematic here is the fact that plaintiff is an Alabama limited liability company, while defendant Winn-Dixie Montgomery, Inc. is a Kentucky corporation with its principal place of business purported to be in Alabama.[2] For purposes of a corporation's citizenship, 28 U.S.C. § 1332 provides that a corporation "shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business ...." 28 U.S.C. § 1332(c)(1).

---

> defendant's procedural errors in removing the case. Plaintiffs have been known, for example, to file a case with claims arising under federal law in state court rather than federal court to avoid an immediate statute of limitations deadline when the state courthouse is closer in proximity than a distant federal courthouse — with the expectation that the defendant will remove the case to federal court. Although we do not encourage such maneuvering, *sua sponte* remand by the district court in such an instance frustrates the parties' intent, as well as the statutes' goals of preventing delay and the shuffling of cases back and forth.
>
> We hold that the district court exceeded its authority under § 1447(c) by remanding this case because of a perceived procedural defect in the removal process *without waiting for a party's motion*. Moreover, the *sua sponte* remand order has halted litigation on the merits and has delayed the resolution of the dispute.

*Id.* at 1320-21 (emphasis added) (relying upon *In re: FMC Corp. Packaging Sys. Div.*, 208 F.3d 445, 451 (3d Cir. 2000) (holding that remand order was reviewable because the district court exceeded its authority under § 1447(c) by *sua sponte* remanding an action within thirty days of removal based on a procedural defect); *Page v. City of Southfield*, 45 F.3d 128, 132-33 (6th Cir. 1995) (same); *In the Matter of Continental Cas. Co.*, 29 F.3d 292, 294-95 (7th Cir. 1994) (same); *In re Allstate Ins. Co.*, 8 F.3d 219, 223-24 (5th Cir. 1993) (same)).

[2] *See* Complaint ¶¶ 1-2; *see also* Notice of Removal, at 4.

3

Even so, an action may be removable if the joinder of non-diverse parties is deemed to have been "fraudulent," namely, for the purpose of defeating federal jurisdiction. *See, e.g., Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983). The doctrine of fraudulent joinder thus is an exception to the requirement that parties be completely diverse, and provides that an action may be removed from state court, despite a lack of complete diversity of citizenship among the parties, if the plaintiff's joinder of a non-diverse party was fraudulent. *See, e.g., Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). Joinder of a party under Federal Rule of Civil Procedure 20(a)[3] will be deemed fraudulent if it is done solely to defeat diversity jurisdiction.

Traditionally, courts have deemed a joinder to be "fraudulent" in two situations: "The first is when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant. ... The second is when there is outright fraud in the plaintiff's pleading of jurisdictional facts." *Triggs*, 154 F.3d at 1287; *see also, e.g., Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998) ("In a removal case alleging fraudulent joinder, the removing party has the burden of proving either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court.") (quoting *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997)); *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983). The Eleventh Circuit also has identified a third type of fraudulent joinder: when "a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where

---

[3] Federal Rule of Civil Procedure 20(a) provides:

All persons ... may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.

4

the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant." *Triggs*, 154 F.3d at 1287 (citing *Tapscott*, 77 F.3d at 1360).

In order to determine whether a defendant has been fraudulently joined, a federal court must examine the plaintiff's pleadings on the date the notice of removal was filed, although it may also consider affidavits and deposition testimony submitted by the parties. *See, e.g., Pacheco De Perez*, 139 F.3d at 1380. As with a Rule 56 motion for summary judgment, courts must evaluate that evidence in the light most favorable to the plaintiff — the party which chose the original, state court forum — resolving any uncertainties about the applicable laws in the plaintiff's favor. *See id.* Accordingly, a defendant's burden when seeking to establish fraudulent joinder is a heavy one: "where a plaintiff states *even a colorable claim* against the resident defendant, joinder is proper and the case should be remanded to state court." *Id.* (emphasis supplied) (citing *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989)). If there is "even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand to that state court." *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440-41 (11th Cir. 1983). The implication of this is that the plaintiff does not need to "have a winning case against the allegedly fraudulent defendant; he need only have a *possibility* of stating a valid cause of action in order for the joinder to be legitimate." *Triggs*, 154 F.3d at 1287.

The removing defendants contend essentially that "there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant." *Triggs*, 154 F.3d at 1287. These defendants assert that, while defendant Winn-Dixie Montgomery, Inc., has Alabama as its principal place of business, thus destroying the parties' complete diversity,

5

there is no justiciable controversy between Winn-Dixie Montgomery, Inc. and Bowdoin Square, L.L.C. The cause of action alleged by Plaintiff in the present complaint, breach by Winn-Dixie Montgomery of the lease by Winn-Dixie Montgomery with Bowdoin Square, and damages arising therefrom, has already been tried by the Plaintiff in the Circuit Court of Mobile County, Alabama with a jury verdict adverse to the Plaintiff on 8 February 2002.[4]

The removing defendants assert that *res judicata* would prevent plaintiff from proving any cause of action against Winn-Dixie Montgomery, Inc., thus warranting a finding by this court that Winn-Dixie Montgomery, Inc. has been fraudulently joined to this action.

The Supreme Court of Alabama set forth the elements and functions of *res judicata* in *Smith v. Union Bank & Trust Co.*, 653 S.2d 933 (Ala. 1995):

> For the doctrine of res judicata, *or claim preclusion*, to apply, the following elements are required: (1) a prior judgment on the merits, (2) rendered by a court of competent jurisdiction, (3) with the same parties, and (4) with the same subject matter presented in both actions. ... "Where these elements are present, the former suit bars any later suit on the same cause of action, *including issues [i.e.,* claims] *that were or could have been litigated in the prior case.*" *Lott v. Toomey*, 477 So.2d 316, 319 (Ala. 1985).

*Id.* at 934 (emphasis added) (some citations omitted); *see also Carlisle v. Phenix City Board of Education*, 849 F.2d 1376 (11th Cir. 1988); *Gjellum v. City of Birmingham*, 829 F.2d 1056, 1060 (11th Cir. 1987); *Gorman v. Roberts*, 909 F. Supp. 1479 (M.D. Ala. 1995).

Removing defendants' *res judicata* argument is based on the fact that plaintiff sued Winn-Dixie Montgomery, Inc. in April of 2000 in the Mobile County, Alabama Circuit Court, claiming that that defendant had wrongfully breached the same lease at issue in this action.[5] That cause of action was tried to a jury during the week of February 4, 2002.[6] Winn-Dixie Montgomery, Inc. was

---

[4] Notice of Removal at 4.
[5] *See* Complaint ¶ 26.
[6] *See id.*

awarded a defense verdict by the jury, and judgment was entered in its favor on February 8, 2002.[7] Plaintiff notes that the Mobile County Circuit Court determined that that verdict did not apply to plaintiff's claim for *future* unpaid payments due under the lease, namely those becoming due and payable after February 4, 2002. This is because, when plaintiff sought future unpaid lease payments in its original complaint, the Mobile County Circuit Court determined that this demand was premature, because the lease did not contain an "acceleration clause."[8] Plaintiff now seeks damages in the amount of the unpaid lease payments accruing for the month of March 2002.[9]

Given the similarity between plaintiff's claim here, and the one resolved by the Mobile County Circuit Court, this court concludes that defendant Winn-Dixie Montgomery, Inc. *may* have been fraudulently joined to this action. Accordingly, the court believes that it would be aided by further exploration of these issues by plaintiff and removing defendants. To that end, plaintiff and removing defendants shall submit to this court a brief addressing, first, whether the presence of defendant Winn-Dixie Montgomery, Inc. destroys complete diversity among the parties, and, second, whether Winn-Dixie Montgomery, Inc. has been fraudulently joined to this action.

**C.     Amount in Controversy**

It is not clear from either the complaint or the notice of removal that the amount in controversy requirement embodied in 28 U.S.C. § 1332(a) has been satisfied so as to justify this court's jurisdiction over these proceedings. This is because plaintiff appears to make a specific demand for compensatory damages totaling $16,041.67 (equivalent to the March 2002 lease payment, and far short of the required amount in controversy),[10] but also seeks an unspecified award

---

[7] *See id.*
[8] *Id.*
[9] *See id.* ¶ 27.
[10] *See id.*

7

of compensatory and punitive damages "in an amount deemed just and proper by a jury."[11] The amount in controversy is further uncertain because removing defendants make only a conclusory assertion in the notice of removal that "[t]he amount of controversy exceeds $75,000.00."[12]

The ambiguity of the amount in controversy is of importance, because — as noted at the beginning of this opinion — the jurisdiction of this court is limited. Federal courts have the power to hear and determine only those cases authorized by the Constitution or Congress. *See, e.g., Kokkonen v. Guardian Life Insurance Company of America*, 511 U.S. 375, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994); *Burns v. Windsor Insurance Co.*, 31 F.3d 1092 (11th Cir. 1994). In light of these limitations on federal court jurisdiction, the Eleventh Circuit favors remand to the state court when removal jurisdiction is not absolutely clear. In essence, "[r]emoval statutes are to be strictly construed, with all doubts resolved in favor of remand." *Lowe's OK'd Used Cars, Inc. v. Acceptance Insurance Co.*, 995 F. Supp. 1388, (M.D. Ala. 1998) (citing *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996)); *see also Burns*, 31 F.3d at 1095.

Where a plaintiff has specifically claimed *less than* the jurisdictional amount in his state court complaint, the removing defendant must show to a "legal certainty" that the plaintiff would not recover less than $75,000, if he prevailed. *Burns*, 31 F.3d at 1095.

Alternatively, where, as here, a plaintiff has made an *unspecified demand* for damages, the Eleventh Circuit instructs that the "proper balance between a plaintiff's right to choose his forum and a defendant's right to remove, without unnecessarily expanding federal diversity jurisdiction, is struck by a *preponderance of the evidence standard*," and a "low[] burden of proof is warranted because there is simply no estimate of damages to which a court may defer." *Tapscott*, 77 F.3d at

---

[11] *See* Complaint at Counts I-V (*ad damnum* clauses).
[12] Notice of Removal at 5.

8

1357 (emphasis supplied). Thus, "[w]here a plaintiff fails to specify the total amount of damages demanded, ... a defendant seeking removal based on diversity jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the $75,000 jurisdictional requirement." *Leonard v. Enterprise Rent A Car*, 279 F.3d 967, 972 (11th Cir. 2002) (footnote omitted) (citing *Tapscott*, 77 F.3d at 1356-57); *see also, e.g., Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319-20 (11th Cir. 2001); *Kirkland v. Midland Mortgage Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001).

Removing defendants should be aware that unsupported assumptions and conclusory allegations or assertions in the notice of removal that the jurisdictional amount is satisfied, "without setting forth the underlying facts supporting such an assertion, [are] insufficient to meet the defendant's burden." *Leonard*, 279 F.3d at 972 (quoting *Williams*, 269 F.3d at 1319-20).

How then does a defendant meet this burden? The Eleventh Circuit recently addressed this question in *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316 (11th Cir. 2001). The state court plaintiff there had made a demand for general, special, and punitive damages in unspecified amounts. Defendant Best Buy removed the action to the U.S. District Court for the Northern District of Georgia on the basis of diversity jurisdiction, pursuant to 28 U.S.C. §§ 1332, 1441. The *Williams* Court considered *sua sponte* the propriety of the districts court's assumption of jurisdiction, because the defendant's notice of removal made only a conclusory assertion that the amount in controversy was a "sum in excess of $75,000.00." *Williams*, 269 F.3d at 1318. The court emphasized that "the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Id.* at 1319.

Prior to its decision in *Williams*, however, the Eleventh Circuit had merely "suggested the

9

approach that district courts should take in making such a determination" regarding the sufficiency of the amount in controversy, stating that "a district court may properly consider post-removal evidence in determining whether the jurisdictional amount was satisfied at the time of removal." *Id.* (citing *Sierminski v. Transouth Finance Corp.*, 216 F.3d 945 (11th Cir. 2000) (holding that a district court may consider evidence submitted after the notice of removal is filed, but only for the purpose of establishing the facts present at the time of removal)). The *Williams* Court made explicit that which *Sierminski* had only suggested, and adopted the Fifth and Ninth Circuits' approach to this issue:

> When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement. *If the jurisdictional amount is not facially apparent from the complaint,* the court should look to the notice of removal and *may require evidence relevant to the controversy at the time the case was removed.* ... We reiterate that the burden of proving jurisdiction lies with the removing defendant. *A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden.* ...

*Id.* at 1319-20 (emphasis supplied) (citations omitted).

Accordingly, this court "may 'require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Id.* at 1319 (quoting *Sierminski*, 216 F.3d at 949). In fact, defendants are permitted to submit such evidence in support of a notice of removal, without being ordered by the court to do so. *See, e.g., Fowler v. Safeco Insurance Co. of America*, 915 F.2d 616, 617 (11th Cir. 1990) ("Defendants have the opportunity to submit affidavits, depositions, or other evidence to support removal.").

Other federal courts also have looked to relevant case law from either the state jurisdiction in which the action originally was filed, or the federal district to which the case was removed,

10

relying both on cases with similar facts[13] and suits of the same actual type.[14] This court finds the detailed analysis by the Middle District of Alabama persuasive on this issue:

> 28 U.S.C. § 1441(a) states that an action may be removed by the defendant "to the district court of the United States for the district or division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Because of the nature of the court's analysis, however, an analysis based on an examination of cases arising out of the Alabama Judicial Circuit from where the action was removed may be more accurate. Alabama is divided into judicial circuits compromising one or more counties. Ala.Code § 12-11-2 (1975). Juries are drawn from lists of the residents of counties or territorial subdivisions thereof. Ala.Code §§ 12-16-44, 57 (1975). Because jury pools are limited in geographical scope, damage awards in the "same type of suit" may differ from judicial circuit to judicial circuit. Jury awards in the judicial circuit from where the action at issue was removed, therefore, may more accurately instruct the court's analysis than an examination of jury awards from other judicial circuits or from judicial circuits encompassed by a federal judicial district or division.
>
> An examination of damage awards in "similar type" diversity cases successfully removed to the federal district or division encompassing the judicial circuit of origin of the state action may be examined as well. Because the jury pools for the federal district or division and the state judicial circuits therein could overlap, an analysis of federal and state cases originating within the geographical region encompassed by the federal district or division would be appropriate because of this overlap. In other words, the court could examine damage awards in the particular judicial circuit from which the particular action was removed, as well as damage awards in federal diversity cases from the district or division encompassing the judicial circuit from which the particular action was removed. After all, the court is only determining whether the defendant has met the preponderance — more likely than not — burden of showing that the jurisdictional amount in controversy prerequisite has been met. And, the same relatively low burden may allow for consideration of damage awards rendered state-wide or even from other jurisdictions, (i.e. neighboring judicial circuits in different states), rendering this entire discussion

---

[13] *See, e.g., Walker Petroleum v. CSX Transportation, Inc.*, No. Civ.A.1:01-0021-RV-C, 2001 WL 102359, at *1 (S.D. Ala. Jan. 12, 2001); *Hitch*, 2000 WL 1005888, at *2 (citing *Lowe's OK'd Used Cars, Inc. v. Acceptance Insurance Co.*, 995 F. Supp. 1388, 1392-93 (M.D. Ala. 1998)); *Employers' Mutual Casualty Insurance Co.*, 76 F. Supp. 2d at 1260.

[14] *See, e.g., Hitch*, 2000 WL 1005888, at *3; *Bolling*, 900 F. Supp. at 404-05. Some courts outside the Eleventh Circuit have looked outside their own jurisdictions in examining similar types of cases. *See, e.g., De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993) (relying on "other courts" and "other forums") (citing for support *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992); and *Garza v. Bettcher Indus., Inc.*, 752 F. Supp. 753, 763 (E.D.Mich.1990)); *Haisch v. Allstate Insurance Co.*, 942 F. Supp. 1245, 1249 (D. Ariz. 1996) (engaging in state-wide and extra-state analysis); *Gilmer v. Walt Disney Co.*, 915 F. Supp. 1001, 1005 (W.D. Ark. 1996) (citing to *Bolling*).

moot.

*Lowe's OK'd Used Cars, Inc.*, 995 F. Supp. at 1392 n.4 (considering the type of evidence that defendant should offer in order to meet the preponderance burden for removal jurisdiction). Finally, courts will consider any evidence that a plaintiff offers to rebut the defendant's argument for removal jurisdiction.[15]

The court must be convinced, however, that citations to allegedly similar state court cases in which a plaintiff recovered more than the jurisdictional amount truly are comparable on their facts, and, more to the point, that the jury verdicts were returned from the same state judicial circuit from which the case at bar was removed. For example, this court has no doubt that there are a great many Alabama state court actions involving breach of contract claims in which jury verdicts well in excess of $75,000 have been returned. That is *not* the issue, however. The question is whether the underlying facts of *the present claim* are such that it reasonably may be concluded by a preponderance of the evidence that, if the action was remanded to state circuit court from which it was removed, and the plaintiff recovered, then more likely than not the plaintiff would recover an amount exceeding $75,000.

Accordingly, and in light of the foregoing discussion, plaintiff and removing defendants shall also address in their briefs to the court whether plaintiff's demand is sufficient to meet the requisite amount in controversy embodied in 28 U.S.C. § 1332(a).

**D.     Venue**

Plaintiff filed this action in the Circuit Court of Madison County, Alabama, although the real property (and improvements constructed thereon) that is the subject of the lease at issue here is

---

[15] *See, e.g., Fuller*, 78 F. Supp. 2d at 1298; *Lowe's OK'd Used Cars, Inc.*, 995 F. Supp. at 1393; *see also, e.g. De Aguilar*, 11 F.3d at 57.

located in Saraland, Alabama.[16] Saraland, Alabama is located within Mobile County, Alabama, which was, in fact, the situs of plaintiff's first (and unsuccessful) litigation regarding defendants' alleged breach of the lease agreement. These facts call into question whether the U.S. District Court for the *Northern* District of Alabama is the proper venue for these proceedings.

Venue in a diversity action is determined in accordance with 28 U.S.C. § 1391(a), which provides:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

Further, "the district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

For these reasons, plaintiff and the removing defendants also shall address the issue of venue in their briefs to the court, specifically answering the question why this action should not be transferred to the U.S. District Court for the Southern District of Alabama, the "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." *Id.*

DONE this 3rd day of May, 2002.

United States District Judge

---

[16] *See* Complaint ¶ 12.